THE BANK OF SUN CITY V. GEORGE N. NEFF *et al.*

1. ACTION AGAINST BANK—*Allegation of Incorporation.* In an action commenced before a justice of the peace and appealed to the district court, the amended bill of particulars alleged that a certain bank was, at a certain date, "and ever since said date until the institution of this suit has been, a private corporation, organized and existing as such under and by virtue of the provisions of the laws of the state of Kansas," *held*, that the allegation is a sufficient allegation that the bank was a corporation *at the time* of the institution of the action.

2. IMPLIED CONTRACT, *Sufficient Allegation of.* And in such bill of particulars, an allegation that the plaintiff owned a certain building; that the defendant used and occupied the same for a certain period of time with the permission of the plaintiff; that the use and occupation of the same for that period of time was reasonably worth $137.50; that the same, or any part thereof, has not been paid, except $27.48; and that there is still due for such use and occupation $110.02: *Held*, That the allegation is a sufficient allegation of an implied contract; and that the bill of particulars states a cause of action in favor of the plaintiffs and against the defendant.

*Error from Barber District Court.*

JUDGMENT for plaintiffs, *Neff* and wife, at the November term, 1889. The defendant *Bank* comes to this court. The opinion states the case.

*Overstreet & Denton*, for plaintiff in error.

The opinion of the court was delivered by

VALENTINE, J.: The petition in error in this case ought to be dismissed from this court for reasons not necessary to state, as, upon the merits of the case, as presented by the plaintiff in error itself, the judgment of the court below must be affirmed. It appears that the case was first instituted before a justice of the peace of Barber county, and afterward on appeal taken to the district court of that county, where the plaintiffs, George N. Neff and Mary E. Neff, his wife, with leave of the court, filed an amended bill of particulars. The defendant, the Bank

of Sun City, demurred to this amended bill of particulars, for the reasons, (1) that the district court had no jurisdiction; and (2) that the bill of particulars did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the case was then tried before the court and a jury, and the jury found in favor of the plaintiffs and against the defendant, and assessed the plaintiffs' damages at $110, and the court rendered judgment accordingly; and to reverse this judgment, the defendant, as plaintiff in error, brings the case to this court.  . . . .

The plaintiff in error, defendant below, relies for a reversal in this court upon the one ground only, that the amended bill of particulars of the defendants in error, plaintiffs below, did not state facts sufficient to constitute a cause of action. One of the allegations of the bill of particulars reads as follows;

"The Bank of Sun City, one of the above-named defendants, was, on the 10th day of June, 1887, and ever since said date until the institution of this suit has been, a private corporation, organized and existing as such under and by virtue of the provisions of the laws of the state of Kansas."

It is now claimed by the plaintiff in error that this allegation is not a sufficient statement that the Bank of Sun City was a corporation at the time of the institution of this action. We think, however, that the allegation is sufficient in this respect.

The bill of particulars further alleged, that the plaintiffs owned a certain building in Sun City; that the defendant bank used and occupied the same for a certain period of time with the permission of the plaintiffs; that the use and occupation of the same for that period of time was reasonably worth $137.50; "that said defendant has not paid the same or any part thereof, except the sum of $27.48, as per exhibit A, filed in this case;" "that there is due said plaintiffs for the use and occupancy of said building, after allowing all just credits and set-offs, the sum of $110.02, with interest," etc. It is claimed that, notwithstanding the foregoing allegations, no contract, either expressed or implied, is stated in the bill

of particulars. We think differently, however. We think the bill of particulars fairly stated an implied contract, and a cause of action in favor of the plaintiff below and against the defendant, the Bank of Sun City, and we therefore think that the decision of the court below was correct.

Its judgment will therefore be affirmed.

All the Justices concurring.